NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 20, 2008
Decided March 27, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 07-3379 & 07-3380

| | |
|---|---|
| YIN LIN and YUAN RONG CHEN,<br>*Petitioners*, | Petitions for Review of Orders of the Board<br>of Immigration Appeals. |
| *v.* | Nos. A74-974-123, A73-181-138 |
| ERIC H. HOLDER, JR., Attorney General of<br>the United States,<br>*Respondent*. | |

**ORDER**

Yin Lin and Yuan Rong Chen are Chinese citizens. They arrived in the United States on separate visas, met and married in the United States, and had three children. They sought asylum in light of China's "one-child policy," but an immigration judge denied their request. Four years after the Board of Immigration Appeals upheld that denial, they filed a motion to reopen their case on the basis of changed conditions in China. The Board disagreed that conditions had changed and denied the motion to reopen. Because Lin and Chen seek review of a discretionary denial of a motion to reopen, we lack jurisdiction to consider their petition for review.

## I. BACKGROUND

Chinese citizens Yin Lin and Yuan Rong Chen came to the United States separately, met while in the United States, and married and had three children in this country. After the birth of their second child, Ms. Lin supplemented her asylum application to say she feared persecution for violating China's "one-child policy" because she had two children without the Chinese government's permission.

An immigration judge denied Lin and Chen's asylum applications in 2003 after concluding they had not established a well-founded fear of future persecution and entered an order of removal. The Board of Immigration Appeals denied their appeal later the same year. On April 25, 2007, Lin and Chen filed a motion to reopen their removal proceedings with the Board, contending there had been a change in country conditions in China. In support of their motion, they submitted documents including United States Department of State Country Reports, articles, and an affidavit. The Board concluded that conditions in China had not materially changed and denied the motion to reopen proceedings. Lin and Chen now seek review in this court.

## II. ANALYSIS

An alien seeking to reopen proceedings with the Board of Immigration Appeals generally must file that motion within ninety days of a final entry of removal, 8 U.S.C. § 1229a(c)(7)(C)(I), and Lin and Chen filed their motion well over ninety days after the Board denied their initial appeal. The ninety-day limit does not apply, however, if an alien seeking to reopen an asylum proceeding establishes "changed circumstances arising in the country of nationality or in the country to which deportation had been ordered, if such evidence is material and was not available and could not have been discovered at the previous hearing . . . ." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(3)(ii).

Lin and Chen argue to us that the Board erroneously concluded they had failed to establish changed circumstances in China after 2003. Our threshold question, however, is whether we have jurisdiction to review the Board's denial of their motion to reopen. We held in *Kucana v. Mukasey*, 533 F.3d 534, 536 (7th Cir. 2008), that we lack jurisdiction to consider the Board's discretionary denial of a motion to reopen. "The facts the Board finds, and the reasons it gives, en route to exercising its discretion to grant or deny a petition to reopen a removal proceeding, and the discretionary decision itself, cannot be reexamined by a court . . . ." *Huang v. Mukasey*, 534 F.3d 618, 620 (7th Cir. 2008). Although we lack jurisdiction to review a discretionary denial of a motion to reopen, we have jurisdiction to review the denial of a motion to reopen that raises a constitutional question or a question of law. *Kucana*, 533 F.3d at 536. Our previous decisions considering our jurisdiction to review denials of motions to reopen cases involving China's one-child policy guide us here. We had jurisdiction to review a motion to reopen when the Board said no persecution would result from the imposition of

a fine that was so steep that a violator would be unable to pay it and as a result would be sterilized. *See Huang,* 534 F.3d at 620 (discussing *Lin v. Mukasey,* 532 F.3d 596 (7th Cir. 2008)). Because "[s]uch a view would be inconsistent with (and a misreading, rather than a deliberate, reasoned rejection of) countless Board and court decisions and an unreasonable interpretation of the federal statute that makes 'resistance to a coercive population control program' grounds for asylum," we had jurisdiction to consider the petition for review. *See id.* (citing 8 U.S.C. 1101(a)(42)(B)).

Here, although the Board pointed to the potential for a fine as punishment for violating China's one-child policy, the Board only pointed to a potential fine of "moderate economic impact." Citing *Matter of J-W-S*, 24 I & N Dec. 185, 191 (BIA 2007), it said that "'enforcement efforts resulting in moderate economic impact would not, in general, prove a well-founded fear of future persecution.'" Lin and Chen do not point to any authority suggesting that fines of only a moderate impact amount to persecution, nor did our research yield any. So unlike the Board's ruling in our previous *Lin* decision, the Board here did not suggest that *any* fine would constitute persecution, even one that the petitioners had no ability to pay. The Board's mention of the potential fine in this case does not raise a question of law.

Instead, the circumstances in this case are more similar to those in another situation discussed in *Huang*, those of Xue Jun Li. There, the Board found no indication that the fee to which the petitioner might be subject in China for violating the one-child policy would be so high that she was in danger of being forced to undergo sterilization for being unable to pay it. We explained, "Li is in the position therefore of merely disagreeing with the weight that the Board placed on various items of evidence (country reports, provincial regulations, an unauthenticated notice from the government of Li's village, etc.) en route to its discretionary denial of the petition to reopen." *Huang*, 534 F.3d at 621. With no question of law at stake, we lacked jurisdiction to consider Li's petition for review.

That is the case here as well. Lin and Chen disagree with the Board's determination that they presented insufficient evidence of changed circumstances in China. They maintain that the evidence they proffered in support of their motion to reopen (including country reports, articles, and affidavits) compels a finding of changed circumstances. Their argument, however, is one that the Board should have weighed the evidence they presented more favorably. That is a classic discretionary determination. *See Huang,* 534 F.3d at 621. Because no question of law or constitutional question is presented, we lack jurisdiction to consider the petition for review.

### III. CONCLUSION

The petition for review is DISMISSED.